First case up this morning is 412-0629, City of Virginia v. Mitchell, Bethany Hager, if you are she or the employee, Luke Thomas, if you are he. Okay, Ms. Hager, you may proceed. Good morning, may it please the court, my name is Bethany Hager, I'm speaking today on behalf of the defendant appellant Terry Mitchell in this matter. Good morning. Defendant has requested this court to reverse the June 2012 judgment of the circuit court below in this matter and to remand it with instructions to enter judgment in his favor and dismissing all counts of the City of Virginia's complaint against him. The basic idea of this case is that the City is trying to hold Mr. Mitchell responsible for code violations on a property he does not own. In fact, he had not owned that property for more than six months prior to the time period that is referenced within the complaint. The overarching issue here is that the circuit court below ignored a controlling statute when it rendered its decision in June 2012. The Illinois Conveyances Act provides a clear beginning and ending to the analysis that is required in this case, and yet the circuit court made absolutely no reference to that act or to its provisions when it decided to hold Mr. Mitchell's conveyance of the property invalid. This failure to adhere to or even indeed to acknowledge controlling law would be enough to warrant reversing the judgment and remanding this matter, but the record in fact provides an ample basis for this court not only to remand but also to direct judgment in favor of the defendant. It's been demonstrated on the record below, and again in Appellant's brief before this court, that the June 2000 quitclaim deed from Terry Mitchell to Luke Swan validly conveyed title to the property at 220 East Beardstown in Virginia, Illinois prior to the time frame of the complaint, which references January 2011 and forward. Defendant Appellant has demonstrated in his brief that the deed is entitled to a presumption of validity, and the circuit court failed to give it that presumption, that the circuit court gave improper weight to evidence outside of the deed when it held the deed invalid, and that the Illinois Conveyances Act in fact recognizes the validity of the June 2000 deed to adequately convey title away from Mr. Mitchell and to Luke Swan. These points are addressed in defendant's brief, and I believe the court will agree that they prevail over the plaintiff Appellee's arguments in response. Now the court has raised additional clarifying issues to be addressed to oral argument today, and I would like to address those in the order that they were submitted to us. The first question was whether the June 2000 deed to Luke Swan would be considered void or merely voidable. The distinction is made in Logue v. Von Allman, 379 Illinois 208. The question is whether the deed could never convey title because certain essential elements were missing, or whether it would just be possible to set aside the deed after the sale because the grantor was in some way defrauded in the transaction. Now the other questions that this court raised for us figure into the issue of whether the deed would be considered void or merely voidable. So I would like to return to this issue after I've addressed the other questions. The second question that the court raised was what effect, if any, does a failure of consideration have on the validity of the conveyance of that issue? The short answer to that is there's no effect whatsoever. The statute, 765 ILCS 5-1, states that livery of season shall in no case be necessary for the conveyance of real property, but every deed not procured by duress and signed by the party making the same, the maker, makers being of full age and sound mind, shall be sufficient without livery of season for the giving, granting, selling, mortgaging, leasing, or otherwise conveying or transferring the lands. In addition, the case Metanic v. Crayjack, 392 Illinois 547, stated that it dealt with an admittedly fictitious consideration of $500. Now in that case, the parties agreed that the $500 never existed. And in the current case, the record shows that while Mr. Swan agreed to pay $500, he did not actually pay that money to Mr. Mitchell, even though it is recited in the deed. So we have a similarity of the cases there. And yet the court in Metanic said there was no effect because the conveyance was executed voluntarily, knowingly, and deliberately. The court stated, the owner of a property may sell it for very little or give it away for nothing if he desires, and the conveyance cannot afterward be set aside upon the ground alone of inadequacy or want of consideration. And so we find that the failure of consideration in this matter has no effect on the validity of title that was passed by the quit claim deed. The next question was, what effect does a defective notarial acknowledgment have on the validity of the conveyance? And again, the short answer there is no effect. The statute again provides us an answer, 765 ILCS 535C, provides for the requirement of a notary acknowledgment. It says it shall be acknowledged by a notary public, appointed, and commissioned. And yet the very last sentence of that paragraph states, failure to comply with this provision shall not invalidate the instrument. Zovitis B. Skrbo, 409 Illinois 252. That case dealt with a deed similar to this one, in fact. The deed, the date of the notary's acknowledgment was incorrect. It did not comport with the date of the grantor's signature. And there was evidence in that case that the deed was acknowledged outside the presence of the grantor. However, the court stated, an acknowledgment is not necessary for the validity of a deed, and it will properly pass title without being acknowledged. The acknowledgment goes to the proof. It allows the deed to be offered in evidence without further showing as to its genuineness. And so the conveyance is still valid, and the deed can then be proved at trial with other evidence. And in fact, it was here. Luke Swan, the grantee, testified in June 2012 that he accepted the transfer of the property in June 2010 from the defendant, Mr. Mitchell. The next question the court proffered is whether the effect of any presumed misrepresentation about the condition of the property in June 2010 has an effect on the validity of the conveyance. Now, the question we're dealing with here is whether there was a misrepresentation from the seller to the buyer and what effect that would have. And I think it's important to note first that there is no basis in the record to support a finding that Mr. Mitchell did actually misrepresent the condition of the property in June 2010. Plaintiff introduced evidence at trial about the condition of the property as of June 2012, two years after the transfer. There is very little, if any, evidence introduced about the condition of the property in 2010 at the time the deed was signed and transferred. Now, Mr. Swan, who was the buyer of the property, testified that he discussed the property with Mr. Mitchell in 2010 at the time of the transfer, but that he had not checked on the property himself until much later, September 2011. In its appellate brief at this level, the plaintiff has inserted words or allegations of fraud into its brief without any basis or support from the record. And that's contrary to the Doctrine from Zylvitis, 409 Illinois, page 258, which states the allegations of fraud contained in the complaint must be established by clear and convincing evidence, cannot be based upon inferences, surmises, or guesses. And in that case, the Supreme Court particularly criticized the lower court for relying on a report from the master that was unsupported by the evidence or facts introduced at trial. So if any misrepresentation had been put into evidence here, or if it was even properly alleged in a complaint or pleading, which it was not, then the effect on this conveyance still would be minimal at best. What we have here is a commercial property transaction. And Logue and some of the other cases that are discussed here today involve residential transactions which have a heightened disclosure requirement from the seller. Even in those contexts with a heightened burden on the seller to disclose matters about the property, a seller's misrepresentation can make him liable for money damages after the transaction, but it does not invalidate the conveyance of the property. In Logue, again, we find that the misrepresentations that the court discussed were found to make the deed voidable. That is, the grantor himself could ask for it to be set aside because the fraud had been perpetrated on him by the buyer,  It's difficult to compare Logue to this case because the misrepresentation in that matter was the buyer perpetrating a fraud on the seller, whereas here the conclusive statements have been that there was somehow a misrepresentation from the seller to the buyer. But the effect is the same. Any misrepresentation does not automatically render the conveyance invalid. It only allows the seller to request later that the deed can be set aside. Next, the court asked us to consider whether the effects of any errors in the property description of the June 2010 deed were sufficient to make the conveyance invalid. The doctrine in Illinois is that errors in the property description of the deed are not necessarily fatal. It requires more of an in-depth look than just saying, oh, there's something wrong, so we toss it out. Brenneman v. Dillon, 296 Illinois 140. In that case, the property description, the court said, was very inaccurate in some respects. For instance, the deed cited a three-story brick building between First and Second Avenues, when in fact the structure in question was a two-story, I'm sorry, they cited a three-story block building, when in fact the structure was really a two-story brick building with a basement located between First Avenue and Locust Street. So completely different street locations. And yet in that decision, the court held the deed to be valid. It stated the presumption is that in executing the deed, the grants are intended to convey property he owned. The court also said it's an elementary principle that deeds will, if possible, be made operative to the intention of the parties. The rule that the intention of the parties is the test by which to determine the effect of a deed applies to the description of the property as well as to other parts of the instrument. So a deed will not be held void for uncertainty in the description if, by the aid of extrinsic evidence, it can be made certain in the property located. You look at whether a surveyor would be able to locate the property with or without the aid of extrinsic evidence. Ms. Hager? Yes. Thank you for addressing those questions. I have a question pertaining to the city's ordinances themselves. There were two separate types of ordinance violations charged, one being the failure by Mr. Mitchell to register a vacant building, and the second being the maintenance of a nuisance. The first ordinance violation, that being the failure to register the building, that applies to the owner of the building only. The second ordinance, though, it refers to the owner, occupant, or person in custody or possession of that property. Now, at trial, in regards to the second ordinance, did the city present evidence other than Mr. Mitchell being the owner of the building? In other words, was there evidence presented that he, in fact, was an occupant or a person in custody or possession that, notwithstanding the validity of the title or deed and the conveyance to Mr. Swan, would still subject him to liability under that ordinance? To my recollection, and reviewing the record, there was no testimony given that Mr. Mitchell would have been an occupant or in possession of the property. The testimony and the evidence at trial focused simply on the ownership of the property. There may have been testimony from Mr. Finn, the zoning enforcement officer, that the building had been vacant for some time, and that would perhaps speak to the issue the Justice has raised. But to my knowledge, there was no evidence suggesting that Mr. Mitchell was still an occupant or in possession of the property. Thank you. Returning to the description of the property within the deed, it's supposed to be construed most favorably to the grantee and reconciled conflicting descriptions, if possible. So that even in Brenneman, the court said, a deed to my house and lot, or to one half of my lot, which are very generic descriptions, those may still be made sufficient if the parties can introduce extrinsic evidence to help the court decide what property it's referred to. Then we have Brennett v. DeWitt, 360 Illinois 518. There was even greater errors in the property description in that deed. There was a subdivision issue, and the deed cited the subdivision in the northeast corner of a Section 18, where the property was actually the subdivision in the northeast corner of the southwest corner of Section 18. So depending on the size of that section, you're looking at a very great variance between the description in the deed and where the property is actually located. But that court held the deed to be a valid conveyance. It quoted much of the language from Brenneman citing that case and adding that the deed is a valid conveyance because the buyers were not in any way misled about what property they were receiving through the transfer of the deed. In fact, in even stronger language, the Brennett court said a deed will not be declared void for uncertainty if it is possible by any reasonable means of construction to ascertain from the description aided by extrinsic evidence what property it is intended to convey. So we come and apply those principles to the case at hand, and we find first the presumption that the grantor intended to convey property he actually owns. In this matter on the record, plaintiff's own evidence demonstrated a transfer of the subject property 220 East Beardstown Street from Leo Reich to the defendant in 2000 or 2001. There was no testimony at trial or on the record that the defendant owned any other property in the city of Virginia. So the presumption is that he intended to convey property he actually owned, the only property he did own within that city. The buyer, Luke Swan, testified at trial that he knew which property was conveyed to him by the June 2010 deed. He was familiar with it. He understood what was being given to him by that deed. There was no testimony that any party to the transaction was mistaken in their belief as to which property the deed conveyed. There was no surprise which property was referred to. Now this description, with the use of extrinsic evidence, does allow a party to identify the property being conveyed. It's admitted that the deed refers to a Beardstown Road. And plaintiff's witness testified there is no Beardstown Road in the city of Virginia, rather it is Beardstown Street. Well this situation is similar to a case cited in the Brunette decision, Langlois v. Cameron, 201 Illinois 301. And there the description of property as Fry's addition to the city of Peoria was deemed sufficient to identify property located in something that was actually Smith Fry's addition to the city because it appeared there was no other Fry's addition to the city. So there's no confusion because there is no Beardstown Road in the city of Virginia. The only property it could be referring to is the Beardstown Street. And the court also noted below there isn't a confusion with respect to the difference in parcel numbers listed on the deed and what's actually in the tax records and the recorder's records because there's no significant number between 11-042-1500 and 11-042-0-1500. It's also worth noting that the Conveyances Act 765 ILCS 510 does not require a quote legal description of the property, merely a description of the property. So meets and bounds, property, divisions, as long as you can identify what the property is being referred to, then it's a valid conveyance. So we return to that initial question, whether the deed of June 2010 is void or merely voidable. We see in the cases, including Logue, and then there were several cited in Logue, that it's the complete absence of essential elements that render a deed void, never to be considered valid. In Logue, there was no acknowledgment of the grantor's homestead interest and so the deed was void from the get-go. In Whitaker v. Miller, a deed is void if it's missing the grantor, grantee, or a thing granted. Those are things you have to have in a deed and without them, there isn't a transfer. Mickey v. Barton, the deed was void because it was acknowledged with no grantee named. In Oswald v. Newbanks, the deed was void in that case because the grantor's signature was forged. On the other hand, Logue stated that a fraud in the inducement or the transaction renders a deed merely voidable and that is at the request of the grantor and upon a finding of fraud by the court. We have neither of those things here. In the court below... Is it your position that third parties don't have standing to raise any questions about the legitimacy of a deed? I would argue that here and there's been no case cited or no authority to say that a third party can step in and question the transaction when both of the parties to the transaction have acknowledged it and are satisfied with it. The series of events in this case, if I understand correctly, however, the Swan deed transaction occurred before the charges were brought here? Yes. Okay, go ahead. Thank you. The circuit court below listed its grounds for finding the deed invalid or void and none of those are found in the cases we've just discussed. They've actually all been dealt with either in my discussion here or in the brief that's been filed with this court. The circuit court said lack of consideration, lack of a, quote, legal description, errors in the property description, the buyer's testimony that two years after the transaction he regrets owning the property, a later date of recording the deed, and the error in the notary's acknowledgement. Those are the reasons the circuit court held this deed to be invalid. And yet we've shown that none of those reasons, none of those bases actually provide a reason to hold a deed void. At best, for the plaintiff here, the deed might be considered voidable. But that would be at Mr. Mitchell's request, the grantor's request, and if someone had perpetrated a fraud upon him to induce the transfer of the property. It's a stretch to argue the deed is voidable at Mr. Swan's request because he made no such request, even acknowledged his ownership on the record. And even more of a stretch to assert that anything of the sort happens here where there's no basis cited that a deed is voidable at the request of a third party. Does that lighten you?  Thank you. Thank you, counsel. Okay, Mr. Thomas. Good morning. May it please the court. Good morning, counsel. I'm going to start with a couple of the questions or issues that were raised today here in the argument. One of the questions, Justice Harris, you had was whether or not there was any evidence presented as to the condition of the property, or I think at least the counsel raised the condition of the property at the time of the transfer of the property in June 2010 and at the time of the actual charge of the ordinance violation. And I believe that the record was supported in that sense by the testimony of Michael Finn, the zoning enforcement officer. In fact, I believe it's volume three of the transcripts. We find Mr. Finn testified that he first became familiar with the property in 2008 upon becoming the zoning enforcement officer. He provided testimony as to the dilapidated state of the property in 2008. And he finally testified that the property remained in basically the same condition through the date of trial. But just to be clear, in terms of the complaint, it only alleges conduct that occurred on January 1, 2011 and thereafter. Is that correct? Yes, that is correct. Thank you. Was the trial court troubled by the fact that the deed referred to the property in question as 220 East Beardstown Road when the property is actually located at 220 East Beardstown Street? I think in and of itself just that. If that were the only error in the deed, I don't know. That wasn't my question. My question was, was the trial court expressed that it was troubled by that discrepancy? I believe that Judge Harvick did reference that in his opinion. Is there a 220 East Beardstown Road? No. Beardstown isn't exactly a megalopolis. I take it everyone, including the judge, could ascertain that there was no confusion between two different parcels, X and Y, based upon whether it was called a street or a road. Isn't that correct? That's assuming that the error was a road, that it was incorrectly stated road, or was it the street? I mean, again, you're asking to speculate what the error was. Well, apparently, for instance, frequently I get mail which addresses my street, 602 East Evergreen, and it doesn't say court, street, road, or the like. The USPS somehow, bless their hearts, they confine me. Is it your suggestion that this difference between street or road is a material factor which renders the deed suspect? Yes. Why? Because there's no other supporting description in the deed. Well, everyone in the courthouse knew that there was no discrepancy, though, that what this deed was referring to, didn't they? Since, as you just confirmed, my first question is, there is no 220 East Beardstown Street? Well, there isn't. Or Beardstown Road, it's Beardstown Street. There wasn't something to confuse the building described in the deed with, so that you couldn't tell for sure what it was referring to. Perhaps that would be for people that live in Virginia or are familiar with Virginia, but I think the purpose of the deed is to put not only the people in Virginia on notice of the conveyance and the subject of the conveyance, but the world, so if you're not familiar with Virginia and you want to find Beardstown Road directly online, I don't think it would come up, I don't think you would find that. The swine deed was in writing, wasn't it? Yes. Was it signed by the grantor? Yes. And it contained a notation confirming delivery to and acceptance by the grantee? That is correct. Isn't that all Illinois law requires to make a deed valid? No. What else is required? You're going to have to have a sufficient description to identify the subject of the grant, including size and dimension of the property. Oh, so this is, you have to have a description of the property being conveyed. Correct. So this is where we get into the Beardstown Road versus Beardstown Street stuff? That and the fact that you don't know how much of that he's conveyed. What are the dimensions of the property to be conveyed? Is it 10 feet of it? Is it 100 feet of it? Is it an entire lot? Is it an acre? We don't know how much he's intending to convey because there's no description setting forth the size and dimension of the property. So uncertainty about the size of the property was why the trial court found the deed not to be acceptable? That was a factor the court considered. What should the deed have said? It should have said lot 100 and described the property being located in the city of Virginia. By the technical description of so-and-so's subdivision or whatever? Yes, it should have identified all of lot 100 if that was the purpose. Then you could have then determined what the size of all lot 100 was. So the idea that it's possible to ascertain by reasonable rules of construction the property being conveyed can't do that in this case because it's just too complicated? You can't do that in this case because of that. And again, it's one of the factors the trial court considered. It also had before it, defendants reported conveyance previous to the Swann deed that he signed an affidavit stating he conveyed it to the sons of Leo Wright, his original grandson, and that he delivered that deed and they accepted that deed. We cited in our brief and argued before the trial court the case of Hamilton v. Doolittle, which touched upon the fact that this conveyance from Mr. Mitchell to Swann would be void because, even according to defendants' own assertion, that there is a valid prior conveyance even though that deed was signed. Well, why then didn't you seek enforcement of the building code violations against the Wright brothers? Because I didn't believe that to be true. Well, you can't argue both sides of that. Either he conveyed it to the Wright brothers or he didn't. And if he didn't convey it to the Wright brothers successfully, then he's free to convey it to another person. When I raise that issue with the trial court, that's kind of the lines of thinking that the defendant argued. But I think that creates his own dilemma. I don't think it's my, it's not the city's burden of proof to show that he made that conveyance. Well, excuse me. If the trial court found that the Swann deed was invalid based on the reasons stated, doesn't that presuppose the trial court's finding that the attempted conveyance to the Wright sons was also invalid? That Mr. Mitchell still retained ownership at the time that he attempted to convey it to Mr. Swann? Otherwise, he couldn't be found liable here as the owner, right? I believe that's correct. And I believe that would go to the weight of the evidence before the trial court. The trial court had before it a certified copy of the deed from Leo Wright to Mr. Mitchell, which was admitted into evidence. We have the prior affidavit of Mr. Mitchell, which said he didn't own it, and then his position that he conveyed the property to Luke Swann after he allegedly conveyed it. So I think the trial court, in summary, had that evidence before it and concluded that Mr. Mitchell's evidence was not credible and did have credible evidence that Mr. Mitchell owned the certified copy of the deed. I'm curious, in response to questions by Justice Steigman, you indicated that reference to a street address alone is insufficient, that in order for this to have been a valid conveyance, the deed needed to reference or attach something more, I'm assuming a legal description including meets and bounds, something of that sort. Is there any legal authority for that proposition? I believe I did cite some, and I'll try to locate that here. We did cite the Carter v. Barnes case, it's 26 ILL 454, it's an 1861 case, and that simply goes to declare the deed void if the subject of the grant can't be determined. It says what again? If the subject of the grant can't be identified. Well, we have no trouble determining it here, do we? We also cited the Illinois Practice Guide on Real Estate, it's section 10.5, that provides that a street address at best is commonly used to approximately locate reference to a property. So it would be better practice to include meets and bounds, but does that mean a deed that doesn't, if you can accurately find what it's referring to, reasonably so, doesn't convey penalty? If there are other ways other than that street address there to identify the size and dimensions of the property, yes. Well, most communities have laid out their properties by lot numbers, right? Correct. So how difficult would it be to look up an address and look at a plaque of the city of Virginia and figure out the lot number? I mean, it's not a huge chore. Well, in this particular case, I mean, and that's presupposing that the street indefinitely remains Beardstown Road or Beardstown. Well, we've already gone over that, okay? We're now talking about the dimensions of the property conveyed. That's what you identify as a defect. Yes. But that's easily ascertainable by reference to a plaque there. I think then you're speculating or making the assumption that that street address intended to convey that entire lot. That's exactly right. I don't know if I have not found any supporting case law that would state that without naming the dimensions, you have to assume that it's the entire parcel. That's correct. The entire parcel, which has a plaque number on it, a lot number. Isn't this a matter of ascertaining the party's intent and what they're trying to convey and accept? Is that what the law is looking to? That's between the parties. Yes. This is essentially between X and Y. I'm selling you my property here, and I may not even be a Philadelphia lawyer, but I own the property, so here's my deed. It's this property in Beardstown Road. Here it is. You give an address. Now, maybe the neighbor next door could say, well, I'm not sure he conveyed all of this, and I own this strip of property, and there's a dispute with the guy on the left, but who else has standing to raise the question of the deed isn't valid because we're not sure how much of the whole lot surrounding this residence he conveyed? I believe, and the question was, does a third party have standing to attack the validity of the deed? I believe they do. What case stands for that proposition? Mortgagees would have the ability to attack the validity of the deed. Which case? Mortgagees. I don't have a case right off the bat. Oh, well, then it's a mortgagee isn't just a third party. You mean I can be some busybody and go around checking deeds and start challenging the deed from Appleton to Harris on the grounds that, yeah, I've got nothing better to do, by the way. This is now my new retirement activity, and say, you know, this purported deed that Tom Harris has ain't so good because Appleton didn't specify X or Y, or, you know, we've got a street instead of a road, and, by God, I want a declaratory judgment. I'm going to bring some sort of action. And the law says, go ahead, Steigman. By God, we've got to get this stuff cleared up, and everyone's got standing. No, I understand that ain't. That's probably not the case, is it? Not in that circumstance. But here I think there's a distinction that a city with property located within its municipal boundaries, its corporate boundaries, has an interest in that property. Well, the city's interest is in ascertaining who owns it. And in this particular case, Mr. Mitchell says, not me. Okay. Then somebody apparently owns it. Why don't you go after the Swann brothers?  The Wright brothers. The Wright brothers. Okay. Or somebody. You know, I mean, it's odd that you, when a guy says, here's the deed, I don't own this anymore. You know, it's the old story. Everyone's got to be someplace. All properties have got to be owned by somebody, you would think. But also not support outside the record. I'm trying to go outside of that. The record may reflect that Mr. Mitchell was previously prosecuted for this and did not raise the issue that he did not own the property. I think it's prosecuting. Attorney in this case, I have an obligation to try to prosecute who I believe is the rightful owner of the property and not take his word. I mean, if you take every defendant and say, well, it's not me, go after this guy, and I go after that guy, I don't think I'm doing my due diligence. But when you're dealing with deeds, you've got a paper trail, don't you? Not when the deed from, reported deed from Mr. Mitchell to the Wrights is unrecorded. I don't have a paper trail. The only deed I had of record as of January 1st, 2011, was the deed from Leo Wright to Mr. Mitchell. The Swann deed was recorded six months after January 1st, or almost six months after that. And that's when the deed surfaced. The reported deed from Mr. Mitchell to Swann surfaced in this report. As to the court's list of cases and questions, and I try to sum this up. I know I'm running short on time. I think if you take each question in and of itself, perhaps would not be a basis to validate the conveyance. But you have to look that the trial court had several factors before it in weighing the evidence. It had the deed with no description of dimensions. It had a deed acknowledged the day before it was signed. It had a deed stating consideration which was not paid. It had an affidavit before it from Mr. Mitchell saying he didn't own the property at the time he conveyed it. The Wrights owned it. It had the testimony of Mr. Swann stating that Mr. Mitchell represented to him the property was in good shape. With the exception it has some back taxes and needed a couple windows boarded up. That was completely controverted by the testimony of Mr. Finn that the roof had caved in and it was in a dilapidated state. The trial court had evidence that Mr. Swann never took possession of the property at the time of the charge or at the time of the conveyance. He did not step foot on the property until I believe the day of trial. He was not aware of the condition of the property and therefore did not take possession of it. Mr. Mitchell's own affidavit in the record states that he took possession of it for 15 minutes. Only stepped foot on it for 15 minutes and he immediately conveyed it back to the Wrights. That was controverted because Mr. Wright didn't die for 18 months after that purported conveyance. He stated that that conveyance took place after Leo Wright died. So the trial court had the purport that the only person in possession of the property at the time of trial was Mr. Mitchell. I think that was uncontroverted. So all in all when you take all of these factors together, together with the deed with no dimensions, the prior conveyance, I think the trial court, and I think it summed it up, Mr. Mitchell was treating this property as he was just trying to get rid of it to whoever would take it. He would say anything and do anything to get rid of it. I think the court referred to Mr. Swan as Joe Schmoe. He found somebody four hours away who had not vented the property, misrepresented the condition of the property, and had him sign the court a deed. I see my time's up. Thank you. That's just an indication your time is nearing. But you have some time still, counsel. It's okay. So all in all, and these are issues of credibility and weighing the evidence, and I believe that is appropriate to leave that at the trial court level for the trial court's determination. I don't think that's a de novo review. It was not a de novo review. That's incorrect. As far as taking the plain language of the statute, again, they're talking about each individual thing. If it doesn't have an acknowledgment, if it doesn't have a notary block on it, it's not invalid. And this is to keep mere discrepancies, minor discrepancies from invalidating an otherwise lawful transaction. Here, though, if the court would ratify the appellant's way of doing things, we would be giving weight to allowing properties to falsely state consideration given. We'd be allowing to state incorrect common street addresses, no matter where you draw the line. Is it Road Street? Is it simply calling it Springfield Street instead of Beardstown Street? It opens up a can of worms to worry. You don't have any other supporting evidence in the deed to show what the subject of the conveyance was. Do we have it? Do we give weight to conveyances where the owner of the property misrepresents the condition of the property, when that's the only evidence before the trial court that the property was in good condition with a couple of windows? All in all, I think the transaction, taking all these things in totality, the conveyance from Mr. Mitchell to Swan fails. Going back then, the credible evidence the trial court had was that Mr. Mitchell received it from Leo Wright, and the court directly gave weight to that over putting more weight on Mr. Mitchell's previous affidavit that he conveyed the property to the Wright sons on an under-reported basis. For all that, we'd ask that this honorable court confirm the trial court's ruling. Thank you. Thank you, counsel. Ms. Hager? Thank you. May it please the court, I do have a few things to offer in rebuttal. Let's talk quickly about the property description. Yes, it states East Beardstown Road instead of East Beardstown Street. However, the circuit court stated there was no confusion about the parcel ID number, and that number allows somebody to go look at the tax records, find out exactly what property we're dealing with, and identify it with absolute certainty. We're supposed to construe the property description favorably to the grantee, so if there's a question of whether the deed conveys the entire property or part of it, most favorably to the grantee. You go with it, it conveys the whole property to the grantee. And also, it's to be construed to allow a surveyor to locate the property, with or without the aid of extrinsic evidence. So the fear that's been raised by the plaintiff that we're supposed to make the description adequate to the world at large, overstates the case a little bit. We're supposed to make our descriptions adequate so that the parties know what they're dealing with, so that a surveyor can figure out what the property is being conveyed. As to the testimony of the condition of the property, I would like to stress again that there was no allegations, no finding by clear and convincing evidence that there was any fraud perpetrated. As to whether the condition of the property was in 2008, 2010, 2011, in the volume 3 of the record at pages 7 and 8 is where the court will find Mr. Finn's testimony. He stated when he first inspected the property on line 15 of page 7, it was probably later in 2008, guessing, not exactly sure when. He lists several features of the property that make him say it was a nuisance, it was falling in disrepair. And then the question on page 8, has anything changed since you first observed it? And he states, I would say it's probably gotten worse. He states as of January 1, 2011, was when he had noted that the roof had caved in. So there's no evidence of this advanced disrepair of the property in June 2010, at the time that the property was conveyed to Mr. Swan. Does the record show why the Swan deed wasn't filed or recorded when it was transferred? I'm not sure if it was adduced at trial, Judge, but there were affidavits to the effect that the parties actually did mail the deed to the Cass County recorder, and for some reason there was an additional form that wasn't included, it was sent back or lost, and so it did not get officially filed and recorded until May of 2011. But that brings up another point. The city has stated there was no notice of this transfer at the time that it's inspecting the property and deciding to file a complaint in January of 2011. However, as late or as early as May 2011, when the defendant filed our summary judgment motion with the deed attached, then the city saw there's a deed, the property's been transferred. Now, Illinois is a notice state, I believe, so that if a deed is not filed or recorded, it doesn't provide accurate notice to a potential buyer of the property, but that doesn't say in the statute that it makes the deed invalid for the conveyance between the two parties. As to the alleged previous conveyance to the Reich brothers, I believe the court adequately stated that if the property had been transferred earlier, the city of Virginia still cannot prevail on its claim that Mr. Mitchell is the owner, because if he conveyed the property sometime in the early 2000s, he's not the owner in January 2011. If he conveyed the property to Mr. Swan, as we are stressing happened here, then as of June 2010, he's no longer the owner. So we're not asking the court to place a stamp of approval on this deed as an example to be shown to law students of good deed writing. It's a good thing. Yes. The defendant is not disputing that there are certainly errors in the deed. He is, however, entitled to the full legal effect of his executed, acknowledged, and recorded instrument of conveyance. And so defendant requests this court to recognize the Swan deed as written, to be fully effective, to transfer his title in that subject property to Mr. Swan under the plain language of the Illinois Conveyances Act. So defendant requests this court to reverse the judgment below and remand with instructions to enter judgment in favor of the defendant on all counts of the complaint. Thank you. Thank you, counsel. We'll be in recess for a few moments. Thank you, panel.